UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-255 (NEB/ECW)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

(1) CHLOE MICHELLE JOHNSON

        Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Chloe Michelle Johnson (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with conspiracy to distribute one kilogram or more of mixture or substance containing a detectable amount of cocaine, a controlled substance; 100 grams or more of a mixture or substance containing a detectable amount of heroin; and a mixture or substance containing a detectible amount of methamphetamine; all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The United States agrees to dismiss Count 2 at the time of sentencing.



SCANNED
MAY 13 2022
U.S. DISTRICT COURT MPLS

2. **Factual Basis**. The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

Beginning in at least July 2021 and continuing through on or about October 16, 2021, the defendant entered into an agreement or understanding with others, in the State and District of Minnesota and elsewhere, to distribute controlled substances including cocaine, heroin, and methamphetamine. The defendant voluntarily and intentionally joined in the agreement, and knew the purpose of the agreement was to distribute controlled substances. As part of the conspiracy, the defendant was involved in obtaining controlled substances and distributing them to others together with her accomplice.

During 2021, police received information from a confidential reliable informant that defendant and her male accomplice were supplying drug dealers in the Rochester, Minnesota area. Police obtained a search warrant authorizing them to place a tracking device on the accomplice's vehicle and conducted surveillance on him, during which time investigators observed him engaging in suspected drug trafficking and frequenting defendant's residence at the Gates Apartment in Rochester.

In September 2021, police used a confidential informant to conduct a controlled buy of one ounce of methamphetamine from defendant for $1,000.

In October 2021, defendant and her accomplice rented a vehicle and drove it to Austin, Texas, where they met with an unknown drug supplier and obtained approximately four kilograms of cocaine. On October 16, 2021, police conducted a traffic stop on defendant and her accomplice as they drove back into Minnesota and seized the cocaine.

That same day, police executed a search warrant on defendant's apartment, which revealed small amounts of psilocybin mushrooms, methamphetamine, and Xanax, along with $4,029.05 in currency, approximately 270 grams of cocaine (packaged out into ounces, half ounces, and so-called "8-balls"), and approximately 137 grams of heroin/fentanyl. The money from the Gates Apartment included $310 in prerecorded buy funds from the September controlled buy from defendant.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case and agrees to withdraw those motions already on file.

4. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries the following statutory penalties:

   a. a mandatory minimum sentence of 5 years imprisonment;

   b. a maximum term of 40 years' imprisonment;

   c. a supervised release term of at least 4 years;

   d. a fine of up to $5,000,000;

   e. a mandatory special assessment of $100; and

   f. the possible loss of eligibility for certain federal benefits.

5. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be

sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. Base Offense Level. The parties agree that the base offense level for Count 1 will be determined by calculating the converted drug weight of the substances for which defendant is responsible pursuant to U.S.S.G. § 2D1.1. Defendant understands that the converted drug weight of the substances may depend on (1) the purity of the methamphetamine involved in the offense; and (2) the precise drug identity of the heroin / fentanyl seized from defendant's apartment. As of the date of this Agreement, the parties do not know the purity of the methamphetamine involved or the precise chemical identity of the heroin/fentanyl involved. The substances have been sent to the laboratory for testing and the parties anticipate this information will be available at the time of sentencing.

    Therefore, the parties agree that the base offense level for the violation and the relevant conduct is at least **28** (based on the offense involving between 700 and 1,000 kilograms of converted drug weight) and could be as high as **30** (based on the offense involving between 1,000 and 3,000 kilograms of converted drug weight). U.S.S.G. § 2D1.1(c)(5), (6).

    b. Specific Offense Characteristics. The parties agree that the defendant may—at the time of sentencing—meet the criteria set forth in U.S.S.G. § 5C1.2(a). If the Court determines that the defendant meets these criteria, the parties agree that the defendant should receive a **2-level reduction** of the base offense level. U.S.S.G. § 2D1.1(b)(18). The defendant understands, however, that the final determination of whether she meets the criteria of U.S.S.G. § 5C1.2(a) will be made by

the Court, and the United States reserves the right to argue that the defendant does not meet those criteria. Except as stated herein, the parties agree that no other specific offense characteristics apply.

c. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. §3E1.1. The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

d. Criminal History Category. Based on information available at this time, the parties believe that the defendant's **criminal history category is I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status (which might impact the defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

e. Guideline Range. Based on the foregoing, the parties agree that defendant's total offense level could be **as low as 23, or as high as 27**. If defendant's Criminal History Category is I, therefore, the Guidelines range for Count 1 could be low as **46-57 months'** imprisonment or as high as **70-87 months'** imprisonment.

If the defendant is determined not to meet the criteria of U.S.S.G. § 5C1.2(a) and 18 U.S.C. § 3553(f)—as amended by Section 402 of the First Step Act, passed in December 2018—the Guideline range cannot in any event be lower than **60 months** due to the mandatory minimum sentence for Count 1.

f. Fine Range. Depending on the total offense level, the fine range will be **$20,000 to $5,000,000**. U.S.S.G. § 5E1.2(c)(3).

g. Supervised Release. The Sentencing Guidelines require a term of supervised release of between two and five years for Count 1. U.S.S.G. § 5D1.2(a)(1). Pursuant to 21 U.S.C. §§ 841(b)(1)(B),

    however, the minimum term of supervised release is **4 years**. U.S.S.G. § 5D1.2(c).

  h. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make motions for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties also reserve the right to argue for a sentence outside the applicable Guidelines range.

7. **<u>Discretion of the Court</u>**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **<u>Special Assessment</u>**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

9. **<u>Forfeiture</u>**. The defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of Count 1 of the Indictment and any property used, or intended to be used, in any manner or part, to commit,

or to facilitate the commission of that offense, including, but not limited to $6,678 in cash seized from co-defendant Christopher Edward's house and $4,029.05 in cash seized from defendant's apartment on October 16, 2021; and $7,500 in cash seized from a safety deposit box rented by Edwards.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest she may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, she withdraws any such challenges.

The defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of the defendant's plea by any means provided by law.

10.   **FOIA Requests.** Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974. 5 U.S.C. §§ 552, 552A.

11. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Date: 5-12-22

ANDREW M. LUGER
United States Attorney

BY: NATHAN H. NELSON,
Assistant U.S. Attorney

Date: 5-12-22

Chloe Michelle Johnson
Defendant

Date: 5-12-2022

Shannon Elkins, Esq.
Counsel for Defendant