UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-255 (NEB/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | |
| CHLOE MICHELLE JOHNSON, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Nathan H. Nelson, Assistant United States Attorney, hereby respectfully submits its position and memorandum on sentencing.

## INTRODUCTION

Defendant pleaded guilty to Count 1 of the Indictment, which charges her with conspiracy to distribute one kilogram or more of a mixture or substance containing a detectable amount of cocaine; 100 grams or more of a mixture or substance containing a detectable amount of heroin; and a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.

The Presentence Investigation Report ("PSR") calculated a base offense level of 30, based on defendant's involvement with at least 1,000 kilograms, but less than 3,000 kilograms of converted drug weight. (PSR ¶ 33). After factoring in an adjustment for acceptance of responsibility, the PSR calculated a total offense level of 27, with a criminal history category of I, resulting in an advisory Guidelines range of 70-87 months'

imprisonment, with a mandatory minimum of 60 months. (PSR ¶¶ 33-42, 50-51, 101). Neither party has any objection to the PSR. However, as discussed below, the parties agree that the defendant's Guidelines range should now be adjusted for safety valve.

## SAFETY VALVE

Following the issuance of the PSR, the defendant completed a truthful safety valve proffer with the government. As a result, the parties agree that she is now safety valve eligible and should receive both (1) a two-level reduction to her offense level under U.S.S.G. §§ 2D1.1(b)(18) and 5C1.2; and (2) relief from application of the 60-month mandatory minimum pursuant to 18 U.S.C. § 3553(f). After factoring in the two-level reduction for safety valve, the Court should apply a total offense level of 25 with a Criminal History Category I, resulting in a Guidelines range of 57-71 months' imprisonment with no mandatory minimum.

## SENTENCING RECOMMENDATION

The only issue before the Court is what constitutes a reasonable sentence in light of the factors enumerated in Title 18, United States Code, Section 3553(a). In fashioning a sentence, Section 3553(a) requires the Court to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense; the need for deterrence; the need to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). A consideration of the factors listed in 18 U.S.C. § 3553(a) supports a downward variance to 30 months.

The nature of defendant's conduct in this case is very serious. From approximately mid-2021 until her arrest in October 2021, the defendant worked with her co-defendant Christopher Edwards ("Edwards") to distribute a variety of extremely dangerous drugs in the Rochester area. Defendant's primary role in the conspiracy was that of a low-to-mid level drug dealer. She initially began purchasing heroin from Edwards for her own use, but Edwards ultimately recruited her to sell heroin (and eventually methamphetamine and cocaine) on his behalf in exchange for a share of the profits. Notably, the "heroin" that the defendant was involved in distributing was (in actuality) either mixed with the deadly drug fentanyl or was straight fentanyl masquerading as heroin.[1] *See* Edwards Trial Transcript pp. 460, 495, 519, 557-58, 562.

The defendant's conduct in the conspiracy, however, went beyond mere low-level drug dealing. The defendant also helped Edward's drug trafficking in other ways as well. For example, in addition to selling drugs for Edwards, the defendant allowed her apartment to be used as a stash location for the conspiracy. This provided Edwards a secure place to stash the drugs away from his own residence while still being able to access the drugs for distribution at his convenience. The defendant also assisted Edwards in his out-of-state trips to obtain bulk drugs, driving with him to Texas in October 2021 to bring back four kilograms of cocaine from Edwards' cocaine suppliers.

---

[1] The PSR notes that the drugs seized from the defendant's apartment included 43.3 grams of a substance that fielded-tested positive for cocaine. After laboratory analysis, this was determined to contain fentanyl, not cocaine. *See* Trial Tr. 557-58; Gov't Ex. 37.

The drugs the defendant was involved in distributing constitute a large amount almost anywhere in the country, but are especially devastating for a mid-sized community such as Rochester. That is true because—unlike drug distribution "hubs" like Minneapolis and the metro area, where drugs pass through before being distributed elsewhere—drugs brought to an area like Rochester tend to be distributed and consumed in that area. Moreover, while all the drugs involved in this case are dangerous, the defendant's involvement with fentanyl is particularly troubling given the deadly nature of that drug and the wave of overdoses and deaths that the drug is causing throughout the country.

Despite the seriousness of the offense, there are a variety of mitigating factors that support a below-Guidelines sentence. As noted above, the defendant is far less culpable than her co-defendant Edwards, who recruited her into the conspiracy and was the person with the connection to obtain the bulk drugs for sale. Unlike her co-defendant, the defendant has almost no criminal history save for a single juvenile adjudication and a five-year-old conviction for possession of a counterfeit check.

The defendant's personal history and characteristics are also almost uniformly mitigating. For example, the defendant was still a very young woman at the time of the offense, who was not far removed from a particularly troubled and unstable upbringing. The defendant's father was an alcoholic and abusive, her parents divorced, and her family moved approximately 27 times. The defendant also suffered through a teen pregnancy and a series of romantic relationships that were marked by emotional, physical, and sexual abuse and drug addiction. The one positive romantic relationship in the defendant's past ended with her partner dying of a fentanyl and heroin overdose.

The defendant has a history of mental health struggles and self-harm dating back to age 12.  She has twice been hospitalized, including after a suicide attempt, and has been diagnosed with depression, anxiety, and PTSD.  Additionally, the defendant has a lengthy history of poly-substance abuse that also dates back to age 12.  At various times throughout her young life, the defendant has abused alcohol, marijuana, Xanax, prescription medications, cocaine, acid, methamphetamine, mushrooms, and heroin.  At the height of her heroin use (during the instant offense) the defendant consumed up to three grams per day.  The government believes the defendant's offense conduct in this case is undoubtedly connected with her substance abuse problem, as she was recruited into the conspiracy by her drug dealer and sold drugs in part to support her addiction.

The defendant, however, has now been on pretrial release for over a year in this case and has shown remarkable signs of post-offense rehabilitation, including addressing her drug addiction by remaining sober and completing a long-term drug treatment program through Minnesota Adult and Teen Challenge.  The defendant has also signaled her willingness to cut ties with her drug-dealing past by cooperating with the government and serving as a witness at the trial of her co-defendant.

In sum, the United States believes that these mitigating factors substantially outweigh the seriousness of the offense and call for a sentence below the Guidelines range.  A sentence of 30 months' imprisonment accounts for both the mitigating and aggravating aspects of defendant's personal history, while at the same time reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense,

affording adequate deterrence, and protecting the public from further crimes of the defendant.

## CONCLUSION

For all the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 30 months, subject to any departures thereto.

                                        Respectfully submitted,

Dated: <u>March 15, 2023</u>                ANDREW M. LUGER
                                                United States Attorney

                                        <u>/s/ *Nathan H. Nelson*         </u>
                                        BY: NATHAN H. NELSON
                                        Assistant U.S. Attorney
                                        Attorney ID No. 388713